18-1275-cv
*Atkins v. Rochester City School District*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of April, two thousand nineteen.

PRESENT:    ROBERT D. SACK,
            PETER W. HALL,
            CHRISTOPHER F. DRONEY,
                *Circuit Judges*

------------------------------------------------------------------------

BONNIE M. ATKINS,

                    *Plaintiff - Appellant,*

            v.                                              No. 18-1275-cv

ROCHESTER CITY SCHOOL DISTRICT,

                    *Defendant - Appellee.*

------------------------------------------------------------------------

FOR APPELLANT:              MICHAEL CONFUSIONE, Hegge & Confusione, LLC, Mullica Hill, NJ.

FOR APPELLEE:               ALISON K.L. MOYER, *for* Karl W. Kristoff, General Counsel, Rochester City School District Department of Law, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Bonnie Atkins appeals from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*) entered on March 30, 2018, granting summary judgment in favor of Defendant-Appellee Rochester City School District ("the District"). We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

The following facts are undisputed. Atkins, an African-American woman in her mid-sixties, was assigned to be principal of the Freddie Thomas High School ("Freddie Thomas") for the 2012-13 school year. Freddie Thomas was one of ten schools in the District that had been targeted for phase-out and closure. During the 2012-13 school year, the District implemented a new evaluation process for principals: the Annual Professional Performance Review ("APPR"). Principals received a total score based on several categories, and that numerical score corresponded to one of four ratings: highly effective, effective, developing, and ineffective. In September 2013, Atkins received a rating of "developing" for the prior school year of 2012-13. App. 61. She appealed the rating, but her appeal was denied by a unanimous appeals panel.

The parties dispute whether the District calculated Atkins's underlying APPR score in accordance with the agreed-upon criteria, and whether the appeals panel properly affirmed

2

the "developing" rating. Although Atkins never saw the data used in calculating her APPR score, she contends that the District treated her differently from other employees by "deliberately" submitting to the state "inaccurate" data, which was then used in calculating her score. *Id.* at 197.

Atkins filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") in December 2013, alleging race and age discrimination by the District and asserting that "the [APPR] ratings of similarly situated" individuals who were younger and not African-American were not miscalculated the way hers was. *Id.* at 236. The complaint further alleged that the denial of her appeal was discriminatory because "[a] similarly situated administrator/principal . . . appealed her rating and her appeal was granted." *Id.*

We review *de novo* the District Court's grant of summary judgment to determine whether the District Court properly concluded there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law. *Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016). We do so "resolving all ambiguities and drawing all factual inferences" in favor of the non-moving party. *Id.*

Under Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), a plaintiff alleging employment discrimination on the basis of race and age bears the burden to establish a *prima facie* case of discrimination at the summary judgment stage. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015); *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 168 (2d Cir. 2014). To establish a *prima facie* case of discrimination, a plaintiff must show that "(1) she is a member of a protected class; (2)

3

she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega*, 801 F.3d at 83; *see also Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010). The burden of demonstrating these elements is "*de minimis*" at the summary judgment stage, *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 467 (2d Cir. 2001), but "a jury cannot infer discrimination from thin air," *Norton v. Sam's Club*, 145 F.3d 114, 119 (2d Cir. 1998).

Atkins argues that the District Court erred in ruling that she had failed to establish a *prima facie* case of discrimination by failing to show elements (3) and (4). Atkins also challenges the District Court's determination that the facts in the affidavits of Lisa Young and Melvin Cross were not properly before it because they related to unexhausted claims of inadequate support and resources. We need not decide the exhaustion issue because Atkins cannot establish a *prima facie* case of discrimination even if we were to consider those affidavits.[1]

An adverse employment action is a "materially adverse change in the terms and conditions of employment." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (internal quotation marks omitted). The action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (internal quotation marks omitted). Examples of adverse actions include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less

---

[1] We have held that although exhaustion of administrative remedies is a "precondition" to bringing an action in federal court, a plaintiff's failure to exhaust a claim is not a jurisdictional bar. *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 385 (2d Cir. 2015). The Supreme Court will decide whether Title VII's administrative-exhaustion requirement is a jurisdictional prerequisite to suit in *Fort Bend County v. Davis*, Dkt. No. 18-525, this term.

distinguished title, a material loss of benefits, [and] significantly diminished material responsibilities . . . ." *Id.* (quoting *Galabya*, 202 F.3d at 640). A negative performance review, without more, does not constitute an adverse employment action. *See Fairbrother v. Morrison*, 412 F.3d 39, 56–57 (2d Cir. 2005) (collecting cases and concluding that an "unsatisfactory" evaluation with no negative impact on compensation, benefits, or title was not an adverse employment action), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53 (2006).

Atkins concedes that a negative employment evaluation, standing alone, does not constitute an adverse employment action. She argues that her low APPR rating "resulted in her being assigned to schools that were failing and closing" and being deprived of the "resources she needed to perform her Principal job," and that these consequences constituted a "material adverse change" in her work conditions. Appellant Br. 11.

The evidence may show that Atkins's work conditions were suboptimal before and after her APPR rating, but the evidence does not show a material adverse change as a result of the APPR rating. Her assignments to failing schools predate that rating, which she received in September 2013. Atkins was assigned to Freddie Thomas in 2012. From Freddie Thomas, she "was placed in another dying school" in July 2013. App. 222. The evidence does not show any similar assignments after that one. Similarly, the Young and Cross affidavits describe conditions that Young and Cross observed while working with Atkins during the 2012-13 school year, including Atkins's lack of clerical and administrative support and the fact that she was not given a "clean professional private office space" like other principals. *Id.* at 230. These poor working conditions, the deprivation of resources,

5

and the lack of staff support that Atkins herself describes pertain, in large part if not entirely, to the 2012-13 school year at Freddie Thomas. The conditions cannot have resulted from her later APPR evaluation. To the extent Atkins's statements suggest that she faced similarly poor conditions and received similar treatment after leaving Freddie Thomas, that merely shows a continuation of her situation prior to the APPR rating. Because Atkins fails to present evidence of any "negative ramifications" flowing from her unfavorable APPR rating, she cannot establish an adverse employment action. *Fairbrother*, 412 F.3d at 56. Her failure to establish this element of a *prima facie* case of discrimination is fatal to her claim.

We have considered all of Atkins's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court